USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

MAOLIN LI, et al.,

    Plaintiff,

21 Civ. 1117 (CM)

-against-

PRODIGY NETWORK LLC, et al.,

---------------------------------------------------------------x

## ORDER RELATING TO MOTION FOR DEFAULT JUDGMENT

McMahon, J.:

    The plaintiffs in this lawsuit – two citizens of the People's Republic of China have sued Prodigy Network LLC, a crowdfunding commercial real estate investment platform, and two related Delaware Limited Liability Companies. Plaintiffs seek either damages for losses they suffered as a result of investing in a Prodigy project located at 114 East 25th Street in New York City, or the return of their investment, along with other relief. Published news reports indicate that Prodigy sold this project at a $10 million loss in or about June 2020. See, e.g., "Troubled Crowdfunding Firm Sells Building at $10 Million Loss," *The Real Deal* (New York online edition), June 19, 2020, 8:00 AM.

    The Complaint was filed on February 8, 2021. Per the docket, service was effected on an a Managing Agent of the Registered Agent of the three corporate defendants on February 10, 2021. No defendant has appeared, and the Clerk of Court, as Plaintiffs' request, entered a Certificate of Default on March 11, 2021. Plaintiffs first filed their motion for a default judgment on March 18, 2021, but it was rejected by the Clerk due to filing errors. The motion was refiled on April 6, 2021 (Docket # 25).

    By the time the motion was properly filed, various news sources had reported that the principal defendant, Prodigy Network LLC, had filed in Chapter 7 in the District of Delaware on or about March 25, 2021, along with ten related entities. *In re Prodigy Network LLC*, No. 21-10622 (D. Del.) and related filings (21-10612, 13, 14, 15, 16, 17, 18, 19, 20 and 21); *see also,* "Real Estate Investment Platform Prodigy Network Hits Ch. 7," *Law 360*, March 26, 2021; "Prodigy Network Files for Bankruptcy as Losses Mount," *The Real Deal* (national online edition), March 26, 2021, 4:55 PM." Plaintiff's counsel did not notify the court of this filing, even though any filing in bankruptcy imposes an automatic stay of all proceedings against the debtor, 11 U.S.C. § 362(a)(1), and deprives the court of the power to adjudicate a motion for a default judgment. Indeed, the very filing of the motion by plaintiffs violated the automatic stay, at least as against

Prodigy Networks, which filed its Chapter 7 proceeding twelve days before the default judgment motion was properly filed in this court.[1]

So Prodigy Networks is out of the case. The question that remains to be answered is whether the additional defendants in this case – Prodigy Shorewood Master Rep Fund LLC and Prodigy Shorewood Domestic Feeder Rep Fund LLC – are also subject to the automatic stay. At the moment, that remains unclear.

The court has reviewed the docket sheet in the Delaware Bankruptcy Court, which reveals that among the corporations filing in Chapter 7 were two entities that had names similar to the names of the two additional defendants in this lawsuit: Prodigy Shorewood Master Rep Fund LLC– 1234 West Randolph Series (No. 21-10613) and Prodigy Shorewood Domestic Feeder Rep Fund LLC – 1234 West Randolph Series (No. 21-10615). It often happens that corporate parties are sued under the wrong name, so the slight difference in the names was not determinative. However, the court is aware that 1234 West Randolph Street is an address located in Chicago, Illinois, while Plaintiffs' complaint relates to an investment in property located in New York City. So to try to clarify the situation, the court contacted Prodigy's bankruptcy attorney, whose name was a matter of public record. The court copied Plaintiff's counsel on the email.

A copy of the entire email exchange between the court an Attorney Busenkell is attached to this decision and order. After first opining that all defendants in this lawsuit are subject to the automatic stay, Bankruptcy counsel indicated that he "didn't think" that the additional defendants in this case were among the ten filing entities.

It is possible that the Bankruptcy Court has entered an order extending the automatic stay to Prodigy entities that did not file in Chapter 7; that frequently happens in bankruptcies involving complex interrelated corporate entities. It is also possible that the entities Plaintiffs wish to sue (aside from Prodigy Networks) wound up their affairs after selling the building at 114 East 25th Street and are no longer in existence.

Even in the face of a default, a party is not automatically entitled to a default judgment; whether to grant one or not is remitted to the sound discretion of the district court. A court may, but is *not required* to enter a default judgment against a defendant who has been properly served, but failed to appear. Pinaud v. County of Suffolk, 52 F.3d 1139, n. 11 (2d Cir. 1995). The Second Circuit has noted that "dispositions of motions for entries of defaults and default judgments. . . are left to the sound discretion of a district court." Shah v. N.Y. State Dep't of Civil, Serv., (2d Cir. 1999) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993)). In any event, no default judgment can be entered in violation of an automatic stay in bankruptcy.

This court is done doing the work that Plaintiffs' counsel should be doing to protect her clients' interest in light of ongoing proceedings in a bankruptcy court. Plaintiffs' remedy against Prodigy Networks can only be had in the Bankruptcy Court, and counsel should attend to any filing deadlines for proof of claims.

---

[1] It would not have mattered if the original filing were non-defective; once the Chapter 7 filing was effected the automatic stay deprived the court of the power to adjudicate any pending motion against the debtor or any other party to which the stay extended.

Meanwhile, plaintiffs – not the court – must figure out whether any automatic stay extends to the other two named defendants in this action. As plaintiffs' counsel was copied on the court's emails with Prodigy's bankruptcy counsel, she knows how to get in touch with him. She can also comb the docket in the ten separate bankruptcy matters that were filed on behalf of Prodigy entities in Delaware on March 25. I will give her four weeks to figure this out and advise the court.

It bears noting that P will not automatically be entitled to the entry of a judgment if they choose to proceed in default against the other two defendants. They certainly will not automatically be entitled to entry of the default judgment they have proposed (Docket #23-2).

The mere fact that no answer has been filed is insufficient to allow the court to enter a default judgment. "Rule 55 sets forth a two-step process for an entry of default judgment." GuideOne Specialty Mutual Ins. Co. v. Rock Community Church, Inc., 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993)). A plaintiff seeking default must clear both hurdles: he must prove that the court has jurisdiction over the defendant, and establish that the facts pleaded entitle him to relief as a matter of law.

It does not appear that the well-pleaded facts of the complaint entitle the Plaintiffs to the judgment they are asking the court to enter. The proposed default judgment filed with the court asks for the return of Plaintiffs' investment ($150,000) plus interest. But it is unclear from the face of the Complaint that Plaintiffs are entitled to the return of their investment. On the one hand, the complaint pleads that certain Prodigy investors, including Plaintiffs, had a "voluntary redemption" right, entitling them to a return of their investment on 90 days' notice to Prodigy, plus interest at varying rates at various times over the life of the investment (Docket #1, ¶ 17). However, the Complaint does not plead that they gave any such notice to Prodigy at any time. Furthermore, the Complaint also alleges that the Offering Memo pertaining to their specific investment at 114 East 25th Street stated: "Unless otherwise specified in the applicable supplement, an Investor [in the 25th Street investment] *may not voluntarily redeem its interest.*" (Id. ¶ 23, Emphasis added). If there is anything in the Supplement to the Offering Memo that "otherwise specifies," it is not pleaded in the complaint. The pleading quotes only a portion of the Supplement to the 25th Street Offering Memo that entitles the investors in Class B stock (like Plaintiffs) to a 6% annual return on their investment. (Id. ¶ 24). Notwithstanding this, the Complaint alleges as a conclusion (which is not a "well-pleaded fact") that the Plaintiffs are entitled to get their capital back (Id. ¶ 40).

These provisions are difficult to reconcile and may actually be contradictory. The provision specific to Plaintiffs' investment that is quoted in ¶ 23 of the Complaint suggests that the Plaintiffs were not entitled to redeem their investment – even assuming that they gave Prodigy the stipulated 90 days' notice. If they were not entitled to redeem their investment voluntarily, then they are simply people who lost money on a speculative investment, and the court cannot grant them a judgment that gives them back their money. While Plaintiffs might be contractually entitled to recover the annual interest payments that were, according to the well-pleaded facts, not made in 2019 and 2020 prior to the sale of the building, that sum would not appear to satisfy the amount in controversy requirement needed to establish diversity jurisdiction. And it is not clear from the face

of the Complaint that the defaulting defendants were unjustly enriched; on the fact of the pleading it appears that Prodigy's former principal was the person who may have been unjustly enriched.[2]

In short, there are many matters that would have to be explored at an inquest before the court would or could enter any judgment for the plaintiffs. But those matters can be back-burnered for a while. Right now, the court needs to know whether the automatic stay extends to the two defendants other than Prodigy Networks. Plaintiffs would have to explain to the court why they were legally entitled to get their money back. This and other matters would have to be thoroughly explored at an inquest on default that will have to be held in order for Plaintiffs to surmount the second step hurdle of Fed. R. Civ. P. 55.

Therefore, the court enters the following order:

1. All proceedings in this action are stayed as to Prodigy Network LLC. In the face of the automatic stay, the court lacks authority to rule on the motion for a default judgment as to Prodigy Network LLC. So much of the motion at Docket #25 as is addressed to Prodigy Networks LLC is severed and placed on the court's suspense docket. Counsel for Plaintiffs shall update the court every 120 days as to the status of the Prodigy Networks bankruptcy and shall advise the court if and when there comes a time at which the court can adjudicate the motion for a default judgment.

2. Plaintiffs' counsel shall, no later than June 18, 2021, notify the court whether the automatic stay in bankruptcy extends to the other two defendants named in this action. If any correction needs to be made to the names of these defendants, Plaintiffs must move to amend the caption by the same date. If the Plaintiffs wish to proceed against the defaulting defendants and those defendants are not covered by the automatic stay, the court will set the matter down for an inquest at which Plaintiffs will be required to establish their right to relief and prove damages.

It is so ordered.

Dated: May 20, 2021

                                                                               */s/*
                                                                          U.S.D.J.

BY ECF TO COUNSEL FOR PLAINTIFF

---

[2] And the game may not be worth the candle if the defaulting defendants have no money with which to satisfy any judgment.

# Colleen McMahon

**From:** Michael Busenkell <mbusenkell@gsbblaw.com>
**Sent:** Thursday, May 20, 2021 6:11 PM
**To:** Colleen McMahon
**Cc:** kkramer@dgwllp.com
**Subject:** RE: Status of Defendants in Prodigy Bankruptcy

**CAUTION - EXTERNAL:**

My apologies. I did not read the complaint carefully.

These are the entities that filed chapter 7:

Prodigy Network, LLC
1234 W. Randolph Realty Associates LLC
Prodigy Shorewood Master Rep Fund LLC- 1234 W Randolph
1234 W Randolph Newco, Inc.
Prodigy Shorewood Domestic Feeder Rep Fund LLC
1400 N Orleans Realty Associates LLC
Prodigy Shorewood Master Rep Fund LLC- 1400 N. Orleans
Prodigy Shorewood Domestic Feeder Rep Fund LLC
1400 N Orleans Newco, Inc.
Prodigy Network Miami, LLC
The Assemblage Hospitality, LLC

So I don't think the other defendants were included in the filing.

**From:** Michael Busenkell
**Sent:** Thursday, May 20, 2021 4:53 PM
**To:** Colleen McMahon <Colleen_McMahon@nysd.uscourts.gov>
**Cc:** kkramer@dgwllp.com
**Subject:** RE: Status of Defendants in Prodigy Bankruptcy

The defendants are all debtors in chapter 7

**From:** Colleen McMahon <Colleen_McMahon@nysd.uscourts.gov>
**Sent:** Thursday, May 20, 2021 4:51 PM
**To:** Michael Busenkell <mbusenkell@gsbblaw.com>
**Cc:** kkramer@dgwllp.com
**Subject:** RE: Status of Defendants in Prodigy Bankruptcy

The full name of the defendants as listed in the caption is in the original email. The two defendants other than Prodigy Networks are "Prodigy Shorewood Master Rep Fund LLC" and "Prodigy Shorewood Domestic Feeder Rep Fund LLC." We noted on the docket than entities with similar names filed Chapter proceedings, but each had the words "1234 West Randolph Series" appended thereto. We are sorry to bother you with this, but plaintiff's counsel did not call the bankruptcy filing to the court's attention, so we are trying to figure out what we have jurisdiction to do. Plaintiff's counsel is copied on this email; her name is Katherine Kramer. Perhaps you could communicate directly with her on this subject.

1

**From:** Michael Busenkell <mbusenkell@gsbblaw.com>
**Sent:** Thursday, May 20, 2021 3:47 PM
**To:** Colleen McMahon <Colleen_McMahon@nysd.uscourts.gov>
**Cc:** kkramer@dgwllp.com
**Subject:** RE: Status of Defendants in Prodigy Bankruptcy

**CAUTION - EXTERNAL:**

Is there something you can provide that identifies the other named defendants in the action?

**From:** Colleen McMahon <Colleen_McMahon@nysd.uscourts.gov>
**Sent:** Thursday, May 20, 2021 3:33 PM
**To:** Michael Busenkell <mbusenkell@gsbblaw.com>
**Cc:** kkramer@dgwllp.com
**Subject:** FW: Status of Defendants in Prodigy Bankruptcy

**From:** Colleen McMahon **On Behalf Of** Lear Jiang
**Sent:** Thursday, May 20, 2021 3:30 PM
**To:** mbusenkell_gsbblaw.com <mbusenkell@gsbblaw.com>
**Cc:** 'kkramer@dgwllp.com' <kkramer@dgwllp.com>
**Subject:** Status of Defendants in Prodigy Bankruptcy

Counsel:

This court has before it a default judgment motion in a case entitled *Maolin Li and Haiyu Wang v. Prodigy Networks LLC, Prodigy Shorewood Master Rep Fund LLC and Prodigy Shorewood Domestic Feeder Rep Fund LLC*, 21 civ. 1117 (CM). The lawsuit arises out of an investment made by the plaintiffs in a building at 114 East 25th Street.

We understand from press reports that the first of the defendant entities has filed in Chapter 7 in the District of Delaware, and that you are representing it and a number of affiliated entities that have also filed. Obviously, the court cannot enter a default judgment in violation of the automatic stay. Would you please read the attached order and advise the court (and counsel for plaintiff, who is copied on this email) whether the two defendants other than Prodigy Networks LLC are also impacted by the automatic stay? We note that entities with names similar but not identical to the other two defendants have filed in Chapter 7.

Thank you for your attention to this matter.

Lear Jiang
Law Clerk to The Hon. Colleen McMahon

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

2